UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JASON DEAN BORDEN                                                            PETITIONER

v.                                         CIVIL ACTION NO. 1:20-CV-P207-GNS

UNITED STATES OF AMERICA                                RESPONDENT

**MEMORANDUM OPINION**

    *Pro se* Petitioner Jason Dean Borden filed this action in the United States District Court for the Eastern District of Tennessee with an initiating document titled "Motion for Leave of Habeas Corpus Action (non-state) Other than 2255 Styled Action, Under Rule 52 (b)." That action, *Borden v. United States*, No. 3:2020-cv-499, was transferred here by the Eastern District of Tennessee because Borden seeks relief from the sentence imposed by this Court and/or for actions taken by this Court in a civil case he filed here.

    Upon transfer to this Court, this action was opened as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Borden has also filed numerous motions, proposed orders, letters, notices, and memoranda in this case (DNs 4-21). The Court gleans from Borden's filings that he wishes to challenge the presentence report (PSR) in his criminal case as "fraudulent" and assert Federal Rule of Criminal Procedure 32 errors at sentencing.

    The pertinent history in this Court relating to Borden is as follows. Borden pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, a Schedule II controlled substance, and possession with intent to distribute methamphetamine; he was sentenced to 204 months in prison. *United States v. Borden*, No. 1:15-cr-4-GNS-1. He appealed, and the Sixth Circuit Court of Appeals affirmed (Appeal No. 17-5438).

Borden then filed a *pro se* motion under 28 U.S.C. § 2255 (DN 405) in this Court. He also filed several post-conviction motions which were considered along with the § 2255 motion because they concerned the same arguments raised in the § 2255 motion. The claims he raised were that his PSR was inaccurate because it counted a 2009 conviction twice; that his counsel was ineffective for failure to challenge the incorrect PSR; and that he was confused when he waived his right to appeal and signed the plea deal. He also asked for the return of certain property. This Court denied his § 2255 motion and denied him a certificate of appealability. *See* DNs 426, 455, 456. Borden appealed, DN 457. In May 2020, the Sixth Circuit denied him a certificate of appealability (Appeal No. 19-6252). *See* DN 490.

Borden's petition in this case refers to "his (PSR) pre-sentence investigation report 'Admitted Fraudulent' standing uncorrected as Rule 32 violations of Federal Rule Criminal Procedures." The petition continues, "Those records [concerning the PSR] are enough given the Rule 32 violations uncorrected by Rule 52(b) Federal Rules of Criminal Procedure (local) forthwith to allow jurisdiction of (any), (USDC) court to proceed in Federal (non-state) related Habeas action other than 2255 styled action." This is not so. First, as the Eastern District of Tennessee correctly concluded, it does not have jurisdiction over this matter, prompting it to transfer the action to this Court. Second, just because Borden asserts that this action may be brought as a habeas action other than one under § 2255 does not make it so.

The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is properly filed in the district in which the prisoner is confined, which in this case is the Eastern District of Kentucky, not the district where the complained-of action took place. *Martin v. Perez*, 319 F.3d 799, 802

(6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 1406(a), the Court must either transfer this action to the Eastern District of Kentucky or dismiss it entirely.[1]  *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (internal citations omitted) ("[C]ourts have uniformly held that . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.").

It is § 2255 which relates to a federal conviction and/or imposition of sentence. *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Accordingly, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Only "[u]nder highly exceptional circumstances," may a federal prisoner challenge his conviction and imposition of sentence under § 2241, instead of § 2255, *i.e.*, if he is "able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Liddell v. Young*, 61 F. App'x 943, 944 (6th Cir. 2003); *see also Charles*, 180 F.3d at 756 ("[P]ursuant to the 'savings clause' in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'. . . It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.") (internal citations omitted).

Here, Borden brought a § 2255 motion which was considered and denied. Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

3

existing law. *See Charles*, 180 F.3d at 756-58. Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under § 2255 and was denied relief. *Id*. at 756. Borden has not met his burden of establishing that his remedy under § 2255 is inadequate or ineffective. He may not pursue relief under § 2241 for claims regarding his PSR that he already raised or could have raised in his § 2255 motion.

      The Court concludes that it is not in the interest of justice to transfer this § 2241 action to the Eastern District of Kentucky because it should be dismissed as § 2241 is not available in this situation.

      By separate Order the Court will dismiss the instant action.

Date: February 3, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:    Petitioner, *pro se*
       U.S. Attorney
4416.009